1   WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Amanda F Miller,                    |   No. CV-16-00140-TUC-JGZ (EJM)

10              Plaintiff,               |   **REPORT AND**
                                         |   **RECOMMENDATION**
11  v.

12  Adam Sedlmeier, et al.,

13              Defendants.

14

15

16      **I.     BACKGROUND**

17          Plaintiff Amanda F. Miller filed this action on February 16, 2016 in the Eastern

18   District of New York (Doc. 1), and this matter was subsequently transferred to the

19   District of Arizona on March 8, 2016. On April 19, 2016, this Court dismissed Plaintiff's

20   Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and

21   granted Plaintiff leave to file an Amended Complaint. (Doc. 13).

22          Plaintiff filed her Amended Complaint against Defendant Tucson Police

23   Department ("TPD") on May 16, 2016. (Doc. 15).[1] Plaintiff's Amended Complaint

24   alleges claims for: (1) conspiracy to defraud the government; (2) false, fictitious, or

25   fraudulent claims; (3) conspiracy against rights, deprivation of rights under color of law,

26   _____

27          [1] Plaintiff's original Complaint named Maritza Galaz, Adam Sedlmeier, Scott
     Kendrick and Russel L. Pope as defendants. Plaintiff's Amended Complaint only names
28   TPD as a defendant. All documents filed by attorney Baird Stephen Greene purport to be
     on behalf of Sedlmeier, Pope, Kendrick, and TPD.

and violation of freedom of religion and expression; and (4) neglect for failing to prevent officers from committing offenses. Plaintiff demands $48,000 in damages for pain and suffering.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint for failure to comply with the Rule 8 pleading standard. (Doc. 17). Defendants also argue that TPD is a non-jural entity and must be dismissed as a party to this suit. *Id.* Plaintiff filed a Response (styled as an "Answer") (Doc. 21), and Defendants filed a Reply (Doc. 23). Plaintiff also filed a Clarification of Answer (Doc. 28), which Defendants move to strike as an improper response to Defendants' Reply (Doc. 31).

Also pending before the Court is Plaintiff's Motion for Permission to Correct Form of Pleading Complaint. (Doc. 26). Defendants filed a Response (Doc. 27), but Plaintiff did not file a Reply.

Also pending before the Court is Plaintiff's Motion for Partial Summary Judgment and Statement of Facts. (Doc. 36). Defendants filed a Motion to Strike the Motion for Summary Judgment. (Doc. 46).

Additional pending documents include the following: Plaintiff's Interrogatory (Doc. 32) and Defendants' Motion to Strike (Doc. 33); Plaintiff's Motion for Permission to Serve Supplementary Pleading and Questionnaire/Opposition to Defendant's Motions to Strike (Doc. 34) and Defendants' Response (Doc. 35); Plaintiff's Evidence of Damages (Doc. 39); Plaintiff's Motion to File Damages under Seal (Doc. 44); Plaintiff's Lodged Proposed Hospital Records (Doc. 45); two Judgment in a Civil Action forms filed by Plaintiff (Docs. 47 & 48); and Plaintiff's Motion for Leave to File Notice of Removal (Doc. 50). Plaintiff also filed several documents from a Maricopa County Superior Court case. (Docs. 40, 41, 42, & 43).

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned for a Report and Recommendation. (Doc. 16). For the reasons stated below, the Magistrate Judge recommends that the District Court grant Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17) and grant Plaintiff's Motion for

Permission to Correct Form of Pleading Complaint (Doc. 26). The Magistrate Judge further recommends that Documents 28, 32, 39, 40, 41, 42, 43, 47, and 48 be struck from the record, that that Plaintiff's Motion for Partial Summary Judgment (Doc. 36), Plaintiff's Motion for Permission to Serve Supplementary Pleading and Questionnaire/Opposition to Defendant's Motions to Strike (Doc. 34), and Plaintiff's Motion for Leave to File Notice of Removal (Doc. 50) be denied. Finally, the undersigned recommends that Plaintiff's Motion to File Damages under Seal (Doc. 44) be granted.

## II.   ANALYSIS

### A. Motion to Dismiss

Defendants request that the Court dismiss Plaintiff's Amended Complaint for failure to comply with Rule 8 and Rule 10(b) of the Federal Rules of Civil Procedure, and failure to comply with the Court's order requiring Plaintiff to plead her claims with specificity. Defendants also note that Plaintiff's Amended Complaint omits the originally named defendants but adds TPD as a defendant, which Defendants argue is a non-jural entity incapable of being sued.

#### i.   Rule 8 Pleading Standard

Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought . . ." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

In order to state a claim on which relief may be granted, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Facial plausibility is present when the plaintiff pleads factual content, as opposed to legal conclusions, that allows a court to draw the reasonable inference that the

defendant is liable for the alleged misconduct. *Id*. The Plaintiff must allege enough facts, if taken as true, to suggest that a claim exists. This does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence to support the claim(s). *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1966 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level," or the complaint is subject to dismissal. *Id*. at 1965.

Here, Plaintiff's Amended Complaint invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331, which grants the district courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." However, Plaintiff's Amended Complaint fails to comply with the Rule 8 pleading standard because it is not clear what actions, if any, form the basis of Plaintiff's claim for relief against the Defendants. The Court is unable to guess at what transpired between the parties, and it is impossible to attribute any specific acts to any specific defendant. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir.1996) (the complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery"). As Defendants note, they have "labored to understand the confusing and incoherent allegations of the Plaintiff's complaint, but have been unable to make any sense of it and do not have an understanding of the claims made by the Plaintiff." (Doc. 17 at 2).

Further, while this is a civil action, Plaintiff's Amended Complaint does not actually cite any federal civil law in support of her claims against Defendants, but rather cites to various federal criminal statutes. While Plaintiff appears to allege claims for violation of her rights to freedom from government oppression, freedom of religion, and freedom of expression, she fails to cite any federal law in support of these claims, or any relevant facts to explain the basis of the claims.

It is clear that Plaintiff feels she was wronged in some way. However, Plaintiff cannot file a civil action as a means to compel the federal court to pursue federal criminal charges against Defendants. Further, the Court will not require Defendants to answer a

1   complaint that fails to comply with the Rule 8 pleading standard and fails to properly
2   apprise Defendants of the nature of the claims against them and the legal theories behind
3   those claims. Accordingly, the undersigned recommends that the District Court grant
4   Defendants' Motion to Dismiss Plaintiff's Amended Complaint for failure to comply
5   with Rule 8 and Rule 10(b) of the Federal Rules of Civil Procedure.

6                    ii.    Dismissal of TPD

7           Defendants also argue that Defendant TPD should be dismissed from Plaintiff's
8   Amended Complaint because it is a non-jural entity not subject to suit.[2]

9            Whether a government entity has the capacity to be sued is determined by state
10  law. Fed. R. Civ. P. 17(b)(3). "Governmental entities have no inherent power and possess
11  only those powers and duties delegated to them by their enabling statutes." *Braillard v.*
12  *Maricopa Co.*, 224 Ariz. 481, 487 (2010). "In Arizona, a government entity may be sued
13  only if the legislature has given that entity the power to be sued." *Payne v. Arpaio*, 2009
14  WL 3756679, *3 (D. Ariz. Nov. 4, 2009). In *Braillard*, the court noted that "there is a
15  consensus among Arizona federal decisions that city police departments generally are
16  nonjural entities." *Id*. (citing *Payne*, 2009 WL 3756679 at *4 (collecting cases)). For
17  example, in *Gotbaum v. City of Phoenix*, 617 F.Supp.2d 878, 886 (D. Ariz. 2008), the
18  court found that the Phoenix Police Department was a subpart of the city, not a separate
19  entity subject to suit. *See also Hill v. City of Phoenix*, 2014 WL 4980001, at *2 (D. Ariz.
20  Oct. 6, 2014) (same); *Brown v. City of Chandler*, 2013 WL 3199731, at *2 (D. Ariz. June
21  24, 2013) (same); *Patterson v. Arizona Dep't of Econ. Sec.,* 2015 WL 4755075, at *2 (D.
22  Ariz. Aug. 12, 2015), *appeal dismissed* (Sept. 15, 2015), *appeal dismissed* (Oct. 20,

23  _____

24          [2] While Defendants focus their argument in terms of Plaintiff's failure to properly
25  plead a § 1983 claim against a municipal defendant, the Court finds that the proper
    inquiry is whether TPD is subject to suit at all. Defendants also misquote Judge
26  Ferguson's concurring opinion in *United States v. Kama*, 394 F.3d 1236, 1239–40 (9th
    Cir. 2005), wherein he noted that "municipal police departments and bureaus are
27  generally *not* considered 'persons' within the meaning of 42 U.S.C. § 1983." (emphasis
    added). While municipalities can be sued under § 1983 if a municipal policy or custom
28  caused the constitutional injury, *Leatherman v. Tarrant Cty. Narcotics Intelligence &
    Coordination Unit*, 507 U.S. 163, 166 (1993), in the present case Plaintiff does not allege
    a § 1983 claim, nor does she name a municipality as a defendant.

2015) (Mesa Police Department "is not a jural entity subject to suit" in its own name); *Sannoufi v. Krueger*, 2014 WL 5488952, at *8 (D. Ariz. Oct. 29, 2014) (granting summary judgment for defendants on plaintiff's § 1983 claims against Gilbert Police Department because "a department of a municipality is not a proper party to a suit.").

Based on the lack of an Arizona statute granting city police departments the capacity to sue and be sued, prior court decisions dismissing police departments as non-jural entities, Plaintiff's failure to address Defendants' argument on this point (*see* LRCiv 7.2(i)), and Plaintiff's statement that she intends to hold each officer individually responsible for his or her actions, rather than hold the city liable for the conduct of its employees (Doc. 26 at 1), the undersigned recommends dismissal of the Tucson Police Department as a party to this action.

## B.  Motion to Correct Form of Pleading Complaint

Plaintiff filed a Motion for Permission to Correct Form of Pleading Complaint (Doc. 26), which the Court will construe as a motion to file an amended complaint. Defendants urge the Court to deny Plaintiff's Motion and grant their Motion to Dismiss. (Doc. 27). Plaintiff requests permission to correct her Complaint/Amended Complaint for the following reasons:

> (1) plaintiff needs more time to clarify the plaintiff's points in issue, based upon (2) plaintiff is without counsel and (3) ill-versed on the technicalities of such a proceeding; (4) plaintiff continually struggles with medical diagnoses of mental and physical disabilities; (5) whereas plaintiff experiences hardship with energy, concentration, and mood; and (6) that it would serve to justify to make clear that the plaintiff's intent was to hold each Officer individually responsible for their own criminal actions or lack thereof, (7) rather than hold the City liable for the misconduct of its' employees, (8) as each Officer is presumed competent to make their own personal decisions, (9) while plaintiff believes it would be improper to address the entity for the impropriety of certain particular individuals who coincidentally were employed to act in an official capacity.

(Doc. 26 at 1).

An *in forma pauperis*, pro se litigant should be given an opportunity to amend the complaint to overcome a deficiency unless it is clear that no amendment can cure the

1   defect. *See Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809

2   F.2d 1446, 1448 (9th Cir. 1987), *Lopez v. Smith*, 203 F.3d 1122, 1129–1131 (9th Cir.

3   2000). Here, the Court has already granted Plaintiff leave to file a first amended

4   complaint. However, at this juncture it is not clear that no amendment can cure the

5   defects in Plaintiff's complaint, and because Plaintiff is proceeding pro se, the

6   undersigned recommends that Plaintiff be given another chance to file a Second

7   Amended Complaint.[3]

8        Accordingly, the undersigned recommends that the District Court grant Plaintiff's

9   Motion for Permission to Correct Form of Pleading Complaint (Doc. 26).

10        **C. Motion for Partial Summary Judgment**

11        Plaintiff moves for summary judgment on Count Four of her Amended Complaint,

12   "Action for Neglect to Prevent." (Doc. 36). Plaintiff's Motion for Partial Summary

13   Judgment improperly lists the City of Tucson as a defendant in the case caption, though it

14   is not named as a defendant in Plaintiff's Amended Complaint. Plaintiff contends that the

15   City of Tucson "had knowledge of, yet neglected AND refused . . . to prevent the

16   conspiratorial wrongs of at least 3 of its' member officers . . . from threatening the overall

17   health and welfare of . . . and depriving the plaintiff of, her civil privilege and

18   constitutional right . . . to be free from demeaning city government oppression." (Doc. 36

19   at 1). Plaintiff demands $350,000 and no less than $500,000.00 in damages, and contends

20   that "the defendant cannot, has not, and will not pose any genuine dispute to any of the

21   material facts presented thus far" and asserts that a reasonable jury can only decide the

22   case in her favor. *Id.* at 2.

23        As Defendants note, due to the pending Motion to Dismiss, no discovery has been

24

---

25      [3] LRCiv 15.1(a) requires that "[a] party who moves for leave to amend a pleading
26   must attach a copy of the proposed amended pleading . . . to the motion, which must
     indicate in what respect it differs from the pleading which it amends . . . ." While
27   Plaintiff's motion does not include a copy of her proposed amended pleading, Plaintiff's
     motion does explain her intent to clarify the facts on which her claims are based and the
28   defendants she intends to sue. Thus, the undersigned recommends that Plaintiff's Motion
     for Permission to Correct Form of Pleading Complaint should not be denied based on her
     failure to comply with LRCiv 15.1(a).

1    conducted in this action, nor has the Court held its Rule 16 Scheduling Conference. At

2    this juncture, Plaintiff's Motion for Partial Summary Judgment is premature and thus

3    should be denied.

4          In addition, Plaintiff's motion does not comply with this Court's Local Rules.

5    Pursuant to LRCiv 56.1, motions for summary judgment must include a separate

6    statement of facts "setting forth each material fact on which the party relies in support of

7    the motion." LRCiv 56.1(a). Each fact "must be set forth in a separately numbered

8    paragraph and must refer to a specific admissible portion of the record where the fact

9    finds support." *Id.* "A failure to submit a separate statement of facts in this form may

10   constitute grounds for the denial of the motion." *Id.* Further, the memoranda of law filed

11   in support of the motion "must include citations to the specific paragraph in the statement

12   of facts that supports assertions made in the memoranda regarding any material fact on

13   which the party relies in support of . . . the motion." LRCiv 56.1(e). Here, Plaintiff did

14   not file a memorandum of law in support of her motion as required by LRCiv 56.1(e).

15   Further, Plaintiff's separate statement of facts consists of conclusory allegations that

16   purportedly establish Defendants' liability, but do little to advance the Court's

17   understanding of the nature of Plaintiff's claims against Defendants. While Plaintiff is

18   proceeding pro se, the Local Rules apply to all persons appearing before this Court,

19   whether represented by counsel or not. *See* LRCiv 83.3(c). And, as the Court has

20   previously cautioned Plaintiff, if Plaintiff chooses to proceed with this action, she must

21   follow both the Federal Rules of Civil Procedure and the Local Rules. Thus, the

22   undersigned further finds that Plaintiff's Motion for Partial Summary Judgment should be

23   denied for failure to comply with LRCiv 56.1.

24         Finally, as noted above, the undersigned recommends that Defendants' Motion to

25   Dismiss should be granted, as Plaintiff's Amended Complaint fails to comply with the

26   Rule 8 pleading requirements and fails to  state a plausible claim for relief. *See Ashcroft*

27   *v. Iqbal*, 129 S. Ct. at 1949. Thus, if the District Court adopts the undersigned's

28   recommendation to grant Defendants' Motion to Dismiss, then Plaintiff's Motion for

Partial Summary Judgment may also properly be denied as moot.

### D. Motion for Permission to Serve Supplementary Pleading and Questionnaire

Plaintiff filed a Motion for Permission to Serve Supplementary Pleading and Questionnaire/Opposition to Defendant's Motions to Strike. Plaintiff seeks the Court's permission to serve her interrogatory request on Defendants and opposes Defendants' motion to strike her interrogatory request. Plaintiff states that she was unaware that she had to seek the Court's permission before serving and filing her interrogatory request, and requests that the Court deny Defendants' motion to strike because "the importance of said pleading and inquiry are fundamentally essential to the establishment of the plaintiff's claim." (Doc. 34 at 2). The undersigned disagrees. As noted above, the Court has yet to hold a Rule 16 Scheduling Conference in this matter, and no discovery or disclosure deadlines have been set. Plaintiff asserts that the Defendants "have failed multiple times to fairly respond to the substance of the plaintiff's allegations," (Doc. 32 at 1), but Plaintiff does not seem to understand that Defendants properly responded to Plaintiff's Amended Complaint by filing a Motion to Dismiss, which must be ruled on by the Court before this litigation proceeds any further. Defendants are under no obligation at this time to respond to Plaintiff's interrogatory, and it would be procedurally improper for the Court to grant Plaintiff's request to allow her to serve the interrogatory on Defendants.

Accordingly, the undersigned recommends that Plaintiff's Motion for Permission to Serve Supplementary Pleading and Questionnaire/Opposition to Defendant's Motions to Strike be denied. (Doc. 34)

### E. Motion to File under Seal

Plaintiff moves the Court to file proof of her damages under seal. Plaintiff's lodged proposed document consists of copies of medical records from Plaintiff's hospitalizations. The undersigned finds that these records should be filed under seal to protect the Plaintiff's confidential health information. Accordingly, the undersigned

recommends that the District Court grant Plaintiff's Motion to File under Seal. (Doc. 44).

### F.  Motion for Leave to File Notice of Removal

Plaintiff filed a Motion for Leave to File Notice of Removal. It is unclear what exactly Plaintiff is requesting in her motion, but she appears to be asking the Court to allow her to remove a pending criminal prosecution in state court to this Court. Such a request is both procedurally improper and outside of this Court's jurisdiction. This Court has no authority to remove Plaintiff's state criminal prosecution to federal court. Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to File Notice of Removal be denied. (Doc. 50)

### G. Striking Documents from the Record

Defendants move to strike several documents filed by Plaintiff, including Plaintiff's Clarification of Answer to Defendant's Motion to Dismiss (Doc. 28), Plaintiff's Interrogatory (Doc. 32), and Plaintiff's Motion for Summary Judgment (Doc. 46).

Pursuant to LRCiv 7.2(m), a motion to strike may be filed if authorized by statute or rule, "or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Further, under Fed. R. Civ. P. 12(f), the Court may act on its own to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "It is well established that [d]istrict courts have inherent power to control their docket," *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (alteration in original) (internal quotations and citation omitted), including the authority to strike documents from the record, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402  (9th Cir. 2010).

Upon review of the docket in this case, the undersigned recommends that the District Court strike the following documents from the record:

Document 28: Plaintiff's Clarification of Answer to Defendants' Motion to Dismiss should be struck from the record as an improper response or sur-reply to

Defendants' Reply to their Motion to Dismiss. Pursuant to LRCiv 7.2, parties are given leave to file a motion, a response, and a reply. The Local Rules do not permit a party to file a response or sur-reply to the opposing party's reply.

Document 32: Plaintiff's Interrogatory should be struck from the record as procedurally improper and premature at this juncture.

Document 39: The substance of Plaintiff's allegations in this document concern Plaintiff's alleged damages and would be more properly addressed in Plaintiff's Second Amended Complaint, should the District Court grant Plaintiff leave to file one. Thus, this document should be struck from the record.

Documents 40, 41, 42 and 43: These documents consist of a collection of filings from Maricopa County Superior Court which are immaterial to the case at hand and should be struck from the record.

Documents 47 and 48: These documents consist of identical "Judgment in a Civil Action" forms submitted by Plaintiff in support of her Motion for Partial Summary Judgment. No judgment has been entered in this case, and when judgment is entered, the Clerk of Court shall file the "Judgment in a Civil Action" form. Accordingly, Documents 47 and 48 should be struck from the record as immaterial and improper filings.

## III.    RECOMMENDATION

The Magistrate Judge RECOMMENDS that the District Court:

1)  GRANT Defendants' Motion to Dismiss Plaintiff's Amended Complaint and dismiss Defendant Tucson Police Department as a party to this action. (Doc. 17).

2)  GRANT Plaintiff's Motion for Permission to Correct Form of Pleading Complaint. (Doc. 26).

3)  GRANT Defendant's Motions to Strike. (Docs. 31 and 33).

4)  DENY Defendant's Motion to Strike. (Doc. 46).

5)  STRIKE Documents 28, 32, 39, 40, 41, 42, 43, 47, and 48 from the record.

6)  DENY Plaintiff's Motion for Partial Summary Judgment. (Doc. 36).

7)  DENY Plaintiff's Motion for Permission to Serve Supplementary Pleading and

1   Questionnaire/Opposition to Defendant's Motions to Strike. (Doc. 34)

2   8) GRANT Plaintiff's Motion to File under Seal. (Doc. 44).

3   9) DENY Plaintiff's Motion for Leave to File Notice of Removal. (Doc. 50).

4   Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

5   within fourteen days after being served with a copy of this Report and Recommendation.

6   A party may respond to another party's objections within fourteen days after being served

7   with a copy thereof. Fed. R. Civ. P. 72(b). No reply to any response shall be filed. *See id.*

8   If objections are not timely filed, then the parties' rights to de novo review by the District

9   Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

10   (9th Cir. 2003) (en banc).

11   Dated this 22nd day of September, 2016.

12

13

14

15   Eric J. Markovich
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28